**STATE OF WEST VIRGINIA**

**G.H.,**
**Plaintiff Below, Petitioner**

**vs.) No. 19-1008** (Marion County 19-S-AP-2)

**V.T.,**
**Respondent Below, Respondent**

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner G.H.,[1] by counsel LaVerne Sweeney, appeals the September 27, 2019, order of the Circuit Court of Marion County denying her petition for a personal safety order ("PSO").[2] Respondent V.T., by counsel Michael S. Garrison, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2019, petitioner filed a petition for a PSO alleging that respondent, her co-worker, made repeated credible threats of bodily injury at their place of employment and caused her reasonable fear for her safety.[3] In April of 2019, respondent purportedly told petitioner that "he was going home [to] get his gun." Petitioner contended that respondent later apologized to her for that incident. Further, petitioner asserted that on June 10, 2019, respondent "stuck his finger in petitioner's face" over a post made on social media. Finally, petitioner maintained that on June 22, 2019, respondent "held up a garbage bag" and said, "for sale, fat lady for [twenty dollars]." Per petitioner, respondent later called out to another co-worker and said, "this would work" while

---

[1]Because this appeal involves the issuance of a personal safety order, the parties' names are confidential pursuant to West Virginia Code §§ 53-8-2(a) and (b)(1).

[2]As discussed below, West Virginia Code §§ 53-8-1 through 17 govern the issuance of PSOs.

[3]Petitioner requested a two-year term for the PSO.

gesturing to the garbage bag. The co-worker allegedly replied that she could fit in the garbage bag and be thrown into the river.

Following a hearing on the petition, the magistrate court denied the petition upon finding that petitioner failed to allege that respondent made repeated credible threats of bodily injury against her. In July of 2019, petitioner appealed the ruling to the circuit court.

In August of 2019, the circuit court held a de novo bench trial regarding petitioner's appeal where petitioner and respondent appeared with their respective counsel.[4] Petitioner called respondent to testify, who indicated that in April of 2019, he told petitioner he was "going to go get a gun and shoot [himself]." Respondent admitted that he apologized to petitioner for the comment three days later, and he believed petitioner accepted his apology. Respondent testified that he did not remember a confrontation with petitioner on June 10, 2019, and denied uttering the phrase, "for sale, fat lady for [twenty-dollars]." Petitioner called seven other witnesses, all of which were co-workers of the parties. Generally, these witnesses denied witnessing any of the alleged incidents.[5] Two witnesses testified that they heard respondent say the word "gun" during an argument with petitioner, but neither could offer any other context. Another witness, who was also a union representative for the parties, stated that he investigated a report on petitioner's behalf that respondent said "something about a gun or something." However, upon his investigation, the witness learned that none of the other staff was present for the incident. Petitioner also testified regarding her observations, which were consistent with the allegations. Additionally, petitioner played at least two recordings of her interactions with respondent. Although petitioner believed one recording related to the "trash bag" allegation, her counsel admitted to the court that he was mistaken and that the recording was unrelated to petitioner's allegations.

The circuit court also heard testimony that petitioner was terminated from her employment in July of 2019 after her co-workers filed a formal complaint against her. One witness testified that petitioner caused a "very hostile environment" in the workplace and that she "video records stuff. You try to explain stuff to help[, but she] ignores you completely. She was just a trouble maker the whole time." Further, multiple witnesses testified that that respondent was not a violent person and that they had never heard him make violent remarks in the workplace. Petitioner confirmed that since she was terminated from her employment, she had had no contact with respondent.

Ultimately, the circuit court found that petitioner failed to prove by a preponderance of the evidence that respondent subjected her to repeated credible threats of bodily injury. Regarding the

---

[4]West Virginia Code § 53-8-9(b) provides that appeals from a magistrate court's order denying a PSO are heard de novo by the circuit court.

[5]As an apt summary of the testimony, we note the circuit court's inquiry before petitioner called her seventh witness:

> Are any of these witnesses going to talk about the incidents, Mr. Sweeney? . . . I'm not hearing anyone talk about the allegations in the petition. . . . I haven't heard hardly anything about the alleged allegations in this petition from anyone or at least no one has any knowledge of it.

"gun" allegation in April of 2019, the circuit court considered the testimony that respondent apologized, and that petitioner continued to work with him thereafter. The circuit court further found that "the trash bag [allegation] is so ambiguous there [i]s no threat there" and that petitioner's claim that respondent stuck his finger in her face did not amount to a credible threat. Accordingly, the circuit court affirmed the magistrate court's order and denied the petition for PSO by its September 27, 2019, order. Petitioner now appeals this order.

We apply the following standard for reviewing an order entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). West Virginia Code § 53-8-7(a)(2) provides, in pertinent part, that a court "[m]ay issue a final [PSO] to protect the petitioner if the court finds by a preponderance of the evidence that: (A)(i) The respondent has committed an act specified in [West Virginia Code § 53-8-4(a)] against the petitioner[.]" Petitioner based her petition upon West Virginia Code § 53-8-4(a)(3) that requires "repeated credible threats of bodily injury when the person making the threats knows or has reason to know that the threats cause another person to reasonably fear for his or her safety."

On appeal, petitioner argues that that the circuit court erred in denying her petition for a PSO. Petitioner asserts that respondent's apology for the "gun" comment was an admission of wrongdoing, although she concedes in her brief that no legal authority supports this position. Further, petitioner argues that the circuit court clearly erred in finding that there was insufficient evidence to support the issuance of a safety order based on that admission and the other testimony. We disagree.

"An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Rule 52(a) of the West Virginia Rules of Civil Procedure further provides that, in all actions tried upon the facts without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

Based upon our review of the record in its entirety, we do not find the circuit court's findings to be clearly erroneous. The circuit court found that petitioner's allegations did not amount to credible threats. Indeed, only one of petitioner's allegations was corroborated by any witnesses other than herself. Further, respondent's testified that he told petitioner he would "get a gun and shoot [himself]." Further, we are not persuaded by petitioner's emphasis on respondent's apology regarding this incident. As petitioner acknowledges, no authority supports a finding that respondent's apology is an admission in this context, and we decline to make such a holding. Moreover, assuming that respondent's apology made the "gun" allegation a credible threat, petitioner would not be entitled to relief as she failed to prove by a preponderance of the evidence

that she was subject to "*repeated* credible threats," as required by West Virginia Code § 53-8-4(a)(3).[6] Accordingly, we find petitioner is entitled to no relief on appeal.

For the foregoing reasons, the circuit court's September 27, 2019, order denying petitioner a PSO against respondent is hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[6]Although not controlling in this instance, the Legislature has defined the word "repeatedly" to mean "on two or more occasions." W. Va. Code § 62-2-9A(h)(6).